EXHIBIT 1

| STATE OF NORTH CAROLINA | File No. 21SP6036 |
|---|---|
| FORSYTH County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
MERLY GARCIA CHAMPAGNE

**Address**
Crumley Roberts, LLP, 2400 Freeman Mill Road, Suite 200

**City, State, Zip**
Greensboro, NC 27406

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

### VERSUS

**Name Of Defendant(s)**
COFM OPC LLC d/b/a Cooks Flea Market and HOOKS-CJ, Inc. formerly known as Cooks Flea Market, Inc.

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
✓ COFM OPC LLC d/b/a Cooks Flea Market
c/o its Registered Agent: Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

**Name And Address Of Defendant 2**
HOOKS-CJ, Inc. formerly known as Cooks Flea Market, Inc.
c/o its Registered Agent: James M. Iseman Jr.
100 North Cherry Street, Suite 600
Winston-Salem, NC 27101

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Karonnie R. Truzy
Crumley Roberts, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406

**Date Issued** 12-7-21 **Time** 12:19 ☐ AM ☒ PM

**Signature** Karen Clark

☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev 4/18

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

FILED
2021 DEC -7 P 12: 19
FORSYTH CO., C.S.C.
BY KC

NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                          SUPERIOR COURT DIVISION
FORSYTH COUNTY                 21 CvS 6036

MERLY GARCIA CHAMPAGNE,   )
                                         )
                  Plaintiff,          )           **COMPLAINT**
                                         )           (Jury Trial Demanded)
v.                                          )
                                          )
COFM OPCO LLC d/b/a COOKS FLEA  )
MARKET and HOOKS-CJ, INC. formerly  )
known as COOKS FLEA MARKET, INC., )
                                          )
                 Defendants.       )

     **NOW COMES** the Plaintiff, by and through counsel, complaining of the Defendants, hereby alleges and says as follows:

1. Plaintiff, Merly Garcia Champagne, is a citizen and resident of Greensboro, Guilford County, North Carolina.

2. Defendant COFM OPCO LLC (hereinafter "Defendant COFM") is a foreign limited liability company organized under Delaware law, duly licensed and registered to conduct business in North Carolina, whose registered agent is Corporation Service Company and whose address is listed with the Secretary of State as 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina, 27608.

3. Upon information and belief, Defendant COFM operates under the assumed name of "Cooks Flea Market" located at 4250 North Patterson Avenue, Winston-Salem, North Carolina, 27105.

4. Defendant Hooks-CJ, Inc. (hereinafter "Defendant Hooks") is a North Carolina corporation duly licensed and registered to conduct business in North Carolina, whose registered agent is James M. Iseman Jr. and whose address is listed with the Secretary of State as 100 North Cherry Street, Suite 600, Winston-Salem, North Carolina, 27101.

5. Upon information and belief, Defendant Hooks formerly operated as "Cook's Flea Market, Inc."

6. Upon information and belief, Defendant Hooks jointly operated "Cook's Flea Market" along with Defendant COFM located at 4250 North Patterson Avenue, Winston-Salem, North Carolina, 27105.

7. This lawsuit concerns a fire that occurred at the business "Cooks Flea Market" on June 5, 2019 in which Plaintiff was injured.

8. This Court has subject matter and personal jurisdiction over the allegations of this Complaint and all of the named parties.

## FACTS

9. On or about June 5, 2019, the Plaintiff operated a booth within the premises of Cooks Flea Market located at 4250 North Patterson Avenue, Winston-Salem, North Carolina, 27105.

10. Defendant COFM and Defendant Hooks owns and/or leases the land where Cooks Flea Market operates its business including improvements on the land and fixtures thereon. The improvements and fixtures include smoke detector devices, security devices, and entrances and exits to the building.

11. During the afternoon of June 5, 2019 at approximately 3:00 p.m., there was a fire that originated inside of the building owned by Cooks Flea Market.

12. The fire was an unknown hazard to the occupants of Cooks Flea Market and quickly spread causing flames and heavy smoke throughout the building.

13. There were no warnings through smoke detectors or other fire prevention safety mechanisms to alert occupants of the hazard caused by the fire.

14. Upon information and belief, exits were not clearly identified for occupants to exit the building.

15. Cooks Flea Market became fully engulfed by fire and chaos ensued as occupants sought to quickly exit the building.

16. Plaintiff was one of the occupants of Cooks Flea Market who was unable to exit the building and as a result suffered serious burns and smoke inhalation which required extensive hospitalization.

17. At all times relevant hereto, the Defendants, to the Plaintiff's information and belief, owned, controlled, managed, and was responsible for the maintenance and upkeep of the premises known as Cooks Flea Market, including the common area buildings, and was responsible for the welfare and safety of the tenants and invited guests, including the Plaintiff.

18. Defendants, under the required basic duty to exercise reasonable care under the circumstances, had a duty to exercise that degree of care commensurate when advertising a gathering and operating a building that was frequented by the public.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS: (ORDINARY and GROSS NEGLIGENCE)

19. The preceding paragraphs are incorporated herein by reference as if set out fully herein.

20. At the time and place set out above, the Plaintiff attempted to escape the building, which was fully engulfed in flames, and in the process, the Plaintiff sustained severe injuries due to carbon monoxide inhalation.

21. Defendants owed a duty of reasonable care to Plaintiff to maintain the building in a safe condition and according to all applicable standards of care.

22. Defendants breached their duty of reasonable care owed to Plaintiff through the conduct described un this complaint by failing to maintain the leased premises in a safe condition.

23. As a direct and proximate result of the subject fire, the Plaintiff sustained severe injuries to her person, which caused her great physical pain and suffering.

24. That all of the Plaintiff's aforesaid injuries were directly and proximately caused by the careless, negligent, and unlawful conduct of the Defendants, whose acts and omissions of negligence consisted of the following:

    a. Failed to install single or multiple electrically wired and interconnected station smoke alarms on the walls or ceilings in each unit or building in violation of North Carolina Fire Prevention Code Section 314.3 and Section 901.4.1, when they knew, or in the exercise of reasonable care should have known, that failure to do so would cause, or was likely to cause, injury to their customers and workers, including the Plaintiff;

    b. Failed to maintain and inspect the fire protection systems pursuant to the North Carolina Fire Prevention Code Section 901.4.6;

    c. Failed to maintain and keep records of the fire prevention system inspections pursuant to North Carolina Fire Prevention Code Section 901.4.6;

    d. Failed to provide fire extinguishers in the building or alternatively in a conspicuous location, no higher than five feet off the ground without obstruction or blocked from view and no more than 75 feet travel distance for each customer or worker in violation of North Carolina Fire Prevention Code Section 906, when they knew, or in the exercise of reasonable care should have known, that failure to do so would cause, or was likely to cause, injury to their customers and workers, including the Plaintiff;

    e. Failed to keep all common areas of the premises in a safe condition as required by North Carolina General Statute 42-42(a)(3);

    f. Failed to provide operable and national testing laboratory approved smoke detectors installed in accordance with the standards of the National Fire Protection Association, or the minimum protection designed in the manufacturer's instructions, as required by North Carolina General Statute 42-42(a)(5);

    g. Maintained a building in a reckless, unsafe, and grossly negligent manner without working and proper smoke and fire detection systems with a conscious disregard the foreseeable consequences of their failure; and

    h. Was otherwise negligent in other ways to be proven at trial.

25. That as a direct and proximate result of the aforesaid negligence, the Plaintiff sustained severe and painful injuries to her person.

26. That as a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff suffered serious bodily injuries and seeks damages in an amount in excess of twenty-five thousand dollars ($25,000.00) (pled pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure) to be determined at the trial of this matter.

27. Defendant's negligent conduct was willful and wanton within the meaning of N.C. Gen. § 1D-5 and Plaintiff is further entitled to punitive damages for the foreseeable consequences from their knowing, and egregious failures to properly maintain safety and fire equipment inside of the property they operated.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS: (NEGLIGENCE PER SE)

28. The proceeding paragraphs are re-alleged and incorporated as if fully set forth herein.

29. Defendants owed a duty to the Plaintiff to follow the standards of conduct enacted as laws for the safety of the public.

30. Defendants breached this duty by failing to maintain the premises in compliance with North Carolina Fire Prevention Code Section 901.

31. Defendants' violation of North Carolina Fire Prevention Code Section 901 constitutes negligence per se.

32. That as a direct and proximate result of the aforesaid negligence per se, the Plaintiff sustained severe and painful injuries to her person.

33. That as a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff suffered serious bodily injuries and seeks damages in an amount in excess of twenty-five thousand dollars ($25,000.00) (pled pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure) to be determined at the trial of this matter.

34. Defendant's negligent conduct was willful and wanton within the meaning of N.C. Gen. § 1D-5 and Plaintiff is further entitled to punitive damages for the foreseeable consequences from their knowing, and egregious failures to properly maintain safety and fire equipment inside of the property they operated.

**WHEREFORE**, the Plaintiff respectfully prays the Court as follows:

1. On the First Claim for Relief, that the Plaintiff have and recover of the Defendants an amount in excess of twenty-five thousand dollars ($25,000.00) (pled pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure) to be determined at the trial of this matter for Plaintiff's personal injuries, bearing prejudgment interest at the highest rate allowed by law;

2. That this Court award to Plaintiff punitive damages from each of the Defendants jointly and severally in an amount in excess of $25,000.00;

3. That all costs of this action be taxed against the Defendants;

4. That all issues of fact so triable be tried by a jury; and

5. For such other and further relief as to the court may seem just and proper.

This the 3rd day of December, 2021.

*Karonnie R. Truzy*
Karonnie R. Truzy
NC State Bar No.: 28228
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (336) 333-9899
Krtruzy@crumleyroberts.com



**Crumley Roberts**
Attorneys At Law

2400 Freeman Mill Road · Suite 200 · Greensboro, NC 27406



CERTIFIED MAIL

7021 0350 0001 4847 1704



US POSTAGE
$007.53
First-Class - IMI
ZIP 27406
12/10/2021
036B 0011811220

***CERTIFIED MAIL, RETURN RECEIPT REQUESTED***
COFM OPC LLC d/b/a Cooks Flea Market
c/o its Registered Agent: Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

27608-137025